O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.J. SEGERSTROM AND SONS,<br><br>               Plaintiff,<br><br>   v.<br><br>LEXINGTON INSURANCE COMPANY, et al.,<br><br>               Defendants. | Case No.: 8:22-cv-00466-MEMF-JDEx<br><br>**ORDER GRANTING IN PART SUMMARY JUDGMENT PURSUANT TO RULE 56(f)** |

    Before the Court are the parties' briefs regarding the Court's notice of intent to grant summary judgment in favor of Plaintiff on Defendant's Fourth and Sixth Affirmative Defenses pursuant to Federal Rule of Civil Procedure 56(f). ECF Nos. 95, 96. For the reasons stated herein, the Court GRANTS summary judgment to the Sixth Affirmative Defense only.

/ / /

/ / /

## I.  Factual & Procedural Background

Plaintiff C.J. Segerstrom & Sons ("Segerstrom") owns and operates a shopping mall (the "South Coast Plaza"). Segerstrom purchased commercial property insurance for South Coast Plaza from Defendant Lexington Insurance Company ("Lexington"). This case concerns Lexington's denial of coverage under the applicable policy (the "Policy") over losses Segerstrom incurred due to the closure of the South Coast Plaza for a period of time due to the COVID-19 pandemic and ensuing closure orders.

On February 8, 2024, the parties filed a Combined Motion for Summary Judgment. ECF No. 81 ("MSJ"). The Court issued an order granting Lexington's motion in part and granting Segerstrom's motion on July 15, 2024. ECF No. 90 ("MSJ Order"). In its MSJ Order, the Court noted its intent to grant summary judgment on Lexington's Fourth and Sixth Affirmative Defenses pursuant to Federal Rule of Civil Procedure 56(f) and gave the parties and opportunity to respond in writing. MSJ Order at 19. The parties filed responsive briefing on this issue on August 6, 2024. ECF Nos. 95 ("Pl. Brief"), 96 ("Def. Brief").

## II.  Applicable Law

Under Federal Rule of Civil Procedure 56(f), a district court may sua sponte grant summary judgment if the parties have "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f); *KST Data, Inc. v. DXC Technology Company*, 980 F.3d 709, 714 (9th Cir. 2020). Specifically, the court may "(1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f). "Sua sponte grants of summary judgment are only appropriate if the losing party has 'reasonable notice that the sufficiency of his or her claim will be in issue.'" *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 990 (9th Cir. 2008) (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

## III.  Findings of Fact

The Court made detailed findings of fact in its Order on the Motion for Summary Judgment. *See* MSJ Order at 4–6. The Court will not repeat those findings here. No further findings of fact are necessary for this Order.

IV.     **Discussion**

In the MSJ, one of the arguments advanced by Lexington was that the losses at issue should be excluded based on the Policy's Contamination Exclusion Endorsement, which excludes losses caused by the "actual, alleged or threatened release, discharge, escape or dispersal of CONTAMINANTS or POLLUTANTS."[1] *See* ECF No. 1-1 (Policy) at 53. After analyzing the relevant case law, the Court declined to depart from its earlier finding at the motion to dismiss stage that Segerstrom's interpretation that the exclusion only extends to losses attributable to traditional environmental or industrial pollution is reasonable. MSJ Order at 19. Given that, the Court noted that the exclusion "must be interpreted in favor of coverage" under binding authority. *Id.*; *see MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 655–56 (2003) (noting that "even if [an insurer's] interpretation is considered reasonable, it would still not prevail, for in order to do so it would have to establish that its interpretation is the *only* reasonable one"). Therefore, the Court determined that there may be grounds to grant summary judgment as to Lexington's Fourth Affirmative Defense, which is based solely on the Contamination Exclusion Endorsement.

Lexington notes that where the contract contains ambiguous language (*i.e.*, that both parties' interpretations appear reasonable),[2] the ambiguity should first be resolved by attempting to reconcile the ambiguity with the reasonable expectations of the insured. *See AIU Ins. Co. v. Super. Ct.*, 51 Cal. 3d 807, 822 (1990). Only if the ambiguity cannot be resolved by that means should the Court then apply the general rule of resolving ambiguities in favor of coverage. *Id.* The Court understands Lexington to be arguing that although the Court has already affirmatively found Segerstrom's proffered interpretation of the Contamination Exclusion during the course of this litigation to be reasonable, there is still a material dispute of fact whether Segerstrom's proffered interpretation

---

[1] The terms "CONTAMINANTS or POLLUTANTS" is then defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste, which after its release can cause or threaten damage to human health or human welfare or causes or threatens damage, deterioration, loss of value, marketability or loss of use to property insured hereunder, including, but not limited to, bacteria, virus, or hazardous substances as listed in the Federal Water, Pollution Control Act, Clean Air Act, Resource Conservation and Recovery Act of 1976, and Toxic Substances Control Act or as designated by the U. S. Environmental Protection Agency." *Id.*

[2] *See MacKinnon*, 31 Cal. 4th at 648.

1   actually *was* its interpretation at the time that they obtained the insurance. If Lexington can show
2   that Segerstrom did understand that the Contamination Exclusion excluded losses related to
3   communicable diseases like COVID-19, then it would likely not be appropriate to construe an
4   ambiguity in favor of Segerstrom's post-hoc interpretation.

5   Lexington points to certain evidence set forth in its MSJ which it argues shows that
6   Segerstrom did not have the same understanding it has advanced throughout this litigation—
7   including information Segerstrom was told by its broker, the testimony of Segerstrom's risk
8   management director, and actions Segerstrom took with other endorsements. Def. Brief at 5–7. In the
9   MSJ Order, the Court merely found that such evidence did not affirmatively show that Segerstrom
10  had a different understanding. MSJ Order at 15. Now, to grant summary judgment on behalf of
11  Segerstrom, the Court must construe the evidence in the light most favorable to Lexington. In doing
12  so, the Court finds that the evidence could possibly support a jury finding that Segerstrom believed
13  that the Contamination Exclusion would exclude coverage of losses caused by communicable
14  disease.[3] Accordingly, the Court DENIES summary judgment on the Fourth Affirmative Defense.

15  Segerstrom also requested the Court to grant summary judgment on Lexington's Sixth
16  Affirmative Defense, which is based on a Seepage and/or Pollution and/or Contamination Exclusion
17  (Endorsement No. 1 of the Policy). Policy at 42. The Court noted that this endorsement, like the
18  Contamination Exclusion Endorsement "appears reasonably interpreted to contemplate traditional
19  environmental pollution and the like," and therefore would also not reasonably exclude the losses at
20  issue. MSJ Oder at 19, fn. 15. In its supplemental briefing, Lexington does not contest the granting
21  of summary judgment as to its Sixth Affirmative Defense. Def. Brief at 2, n.1. Moreover, it does not
22  appear that the evidence Lexington points to in support of Segerstrom's understanding of the
23  Contamination Exclusion Endorsement would similarly support the Seepage and Pollution
24  Endorsement. For example, the testimony presented from Segerstrom's risk management director
25  and the negotiated exceptions Segerstrom made were not related to this latter endorsement. As

---

[3] The Court notes that Lexington has identified additional extrinsic evidence it believes would be relevant towards Segerstrom's expectations at the time. *See* Def. Brief at 7–8.

Lexington has not pointed to any disputed facts regarding Segerstrom's interpretation of the Seepage and Pollution Endorsement, which the Court finds reasonable, the endorsement must be interpreted in favor of coverage. Accordingly, the Court GRANTS summary judgment on Lexington's Sixth Affirmative Defense.

## V.   Conclusion

For the reasons stated herein, the Court hereby GRANTS summary judgment on Lexington's Sixth Affirmative Defense only.

IT IS SO ORDERED.

Dated: September 11, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

5